UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| ACE BEGONIAS INC., | ) | CASE NO. 19-31430 (AMN) |
| | ) | |
| DEBTOR. | ) | March 15, 2020 |
| | ) | |
| | ) | |

APPLICATION TO RETAIN
HURWITZ, SAGARIN, SLOSSBERG & KNUFF, LLC,
AS SPECIAL COUNSEL TO CHAPTER 7 TRUSTEE
PURSUANT TO 11 U.S.C. § 327(a)

Bonnie C. Mangan, Chapter 7 Trustee (the "Trustee") of the Estate of Ace Begonias Inc., (the "Debtor") hereby applies for an order authorizing the employment of Hurwitz, Sagarin, Slossberg & Knuff, LLC ("HSSK"), as her counsel (the "Application"). In support of this Application, the Trustee respectfully represents upon information and belief as follows:

1. On August 30, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the U.S. Bankruptcy Code. The undersigned Trustee was appointed, duly qualified and is serving as Chapter 7 Trustee in this case.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2). Venue is proper before this court pursuant to 28 U.S.C. §§1408 and 1409.

3. Pursuant to §327(a) of the Bankruptcy Code, the Trustee desires to employ and retain HSSK, and David C. Shufrin, Esq.,

specifically, as counsel to investigate and, if appropriate, prepare and prosecute, actions concerning the recovery of monies or assets, preferences, fraudulent conveyances and other avoidance actions.

4. The Trustee shall continue to perform all usual and customary services rendered by a Chapter 7 trustee of a liquidating entity including, but not limited to, evaluating and, if necessary, preparing objections to, claims against the Debtor's estate, and issuing initial demand letters to persons and entities in possession of property of the estate or who otherwise may owe money to the Debtor's estate. However, the Trustee requires knowledgeable counsel to render the above-described essential professional services. Attorney Shufrin has prosecuted and defended numerous property avoidance and other recovery actions and is well qualified to represent the Trustee in this case.

5. Subject to the Court's approval, HSSK will charge the estate in the Debtor's case a 1/3 contingency fee plus reimbursement of costs and expenses on all actions commenced under Chapter 5 of the Bankruptcy Code. HSSK will maintain detailed records of any actual and necessary or appropriate costs and expenses incurred in connection with the aforementioned legal services.

6. To the best of the Trustee's knowledge, information and belief, HSSK is a "disinterested person" as such term is defined in the Bankruptcy Code and has no connection with the Debtor, its creditors or any other party in interest, other than as stated in the affidavit of David

C. Shufrin filed herewith.

7. To the best of the Trustee's knowledge, information and belief, HSSK represents no interest adverse to the Debtor's estate. The Trustee submits that the employment of HSSK would be in the best interests of the Debtor's estate and its creditors. An affidavit executed on behalf of HSSK in accordance with the provisions of § 327 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedures and Local Rule of Bankruptcy Procedure 2014-1 is attached hereto and is incorporated herein by reference.

8. HSSK has a professional liability insurance policy through MBI Company Group, LLC with limits of $3,000,000.00 each occurrence and $3,000,000.00 general aggregate. The Trustee has been provided with a copy of the certificate of said insurance and said insurance will remain in force during the firm's retention.

9. HSSK intends to apply to the Court for compensation for services rendered and reimbursement of expenses incurred post-petition in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Procedure and the guidelines of the office of the United States Trustee.

10. No previous application for the relief requested herein has been made in this case.

WHEREFORE, the Trustee respectfully requests for entry of an order authorizing it to employ HSSK in this case, and for such other and further

relief as to this Court shall deem just and proper.

Dated this 15th day of March, 2020 at South Windsor, Connecticut.

Bonnie C. Mangan
Chapter 7 Trustee of the
Estate of Ace Begonias, Inc.

/s/ Bonnie C. Mangan

_____

Bonnie C. Mangan
Westview Office Park
1050 Sullivan Avenue, A3
South Windsor, Connecticut 06074
Phone 860-644-4204
Fax 860-644-4934
bonnie.mangan@manganlaw.com