UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| ) | |
| ACE BEGONIAS INC., ) | CASE NO. 19-31430 (AMN) |
| ) | |
| DEBTOR. ) | |
| ) | |
| ) | |

### ORDER AUTHORIZING APPOINTMENT OF COUNSEL

Upon the *Application to Retain Hurwitz, Sagarin, Slossberg & Knuff, LLC, as Special Counsel to Chapter 7 Trustee Pursuant to 11 U.S.C. § 327(a)* (hereinafter, the "Application"), filed by the duly appointed Chapter 7 Trustee for the above-captioned bankruptcy case, Bonnie C. Mangan (hereafter the "Trustee"), seeking authorization to employ Hurwitz, Sagarin, Slossberg & Knuff, LLC ("HSSK"), as counsel for the Trustee of this estate, all as set forth in the Application, and the Court being satisfied that, (i) pursuant to Title 11, United States Code, Section 327(a), neither HSSK nor David C. Shufrin, Esq., who is expected to act as primary counsel to the Trustee, nor any other attorney at HSSK, holds or represents an interest adverse to the estate, and that they are disinterested in the matters upon which they are to be engaged, and (ii) pursuant to Section 327(a) said employment is in the best interest of the estate, and it is hereby

**ORDERED:** That pursuant to Section 327(a), the Application is **APPROVED** and that the Trustee is authorized to retain HSSK as her Special Counsel to assist with the investigation, preparation and prosecution of actions concerning the recovery of monies or assets, preferences, fraudulent conveyances and other avoidance actions; and it is

**FURTHER ORDERD:** That payment of compensation to HSSK as Special Counsel for the Trustee shall be one-third (1/3) of the benefit to the Estate from HSSK's efforts (the "Value Recovered"). The Value Recovered shall be calculated as follows: (a) one-third of funds actually recovered for the benefit of the Estate; plus (b) one-third of the actual value to the Estate of funds preserved due to waivers of claims by creditors. The actual value of funds preserved due to waivers of claims shall be calculated as the sum of: (i) with respect to Chapter 7 priority and/or administrative claims that are waived by creditors, the amount of such claims waived multiplied by the actual percentage distributed to all allowed Chapter 7 priority and/or administrative claims; (ii) with respect to priority unsecured claims waived, the amount of such claims waived multiplied by the actual percentage distributed to all allowed priority unsecured claims; plus (iii) with respect to general unsecured claims waived, including the waiver of claims that would otherwise be allowed under 11 U.S.C. 502(h), the amount of such claims waived multiplied by the actual percentage distributed to all allowed general unsecured claims. The actual percentages distributed shall be based on the Trustee's final report (or interim reports); and it is

**FURTHER ORDERED:** That the Trustee shall be authorized to execute any documents that are required to effectuate the retention of HSSK; and it is

**FURTHER ORDERED:** That the allowance and payment or reasonable compensation and reimbursement for actual, necessary expenses shall be the subject of further orders of the Court pursuant to 11 U.S.C. §§ 330(a) and 331 after notice and hearing upon proper application.