**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| | | |
|---|---|---|
| In re: <br>     ACE BEGONIAS, INC, <br>                     *Debtor* | : <br> : <br> : <br> : | Case No.: 19-31430 (AMN) <br><br> Chapter 7 |
|     BONNIE C. MANGAN, TRUSTEE, <br>                     *Objector* <br> v. <br>     HUGO SORIANO AND <br>     NATHAN JOHN GUZZO <br>                     *Respondents* | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | <br><br><br><br><br><br> Re: ECF No. 112 |

**ORDER SUSTAINING IN PART AND OVERRULING IN PART THE**
**CHAPTER 7 TRUSTEE'S OBJECTION TO PROOFS OF CLAIM 21-2 AND 28-2**

Chapter 7 Trustee Bonnie C. Mangan ("Trustee") objects to two amended proofs of claim, numbered 21-2 and 28-2 on the Claims Register for this case ("POC 21-2" and "POC 28-2", respectively), filed by Hugo Soriano and Nathan John Guzzo, respectively, and seeks to have them disallowed in their entirety. ECF No. 112 ("Objection"). Each claim seeks allowance of unpaid wages as an unsecured claim with priority pursuant to 11 U.S.C. § 507(a)(4).[1] POC 21-2, p. 3; POC 28-2, p. 3. The Trustee objects to allowance on any basis and notes POC 21-2 lacks documentary support, and POC 28-2 is not entitled to priority status. Neither claimant responded to the Objection. The Trustee submitted no evidence to support her Objection.

---

[1] Title 11, United States Code, is the "Bankruptcy Code." References to statutory sections are to the Bankruptcy Code unless otherwise specified.

1

Bankruptcy Code § 507(a)(4) gives priority to wage claims that are "earned within 180 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first …."  11 U.S.C. § 507(a)(4).  Here, the bankruptcy petition was filed August 30, 2019, and the Trustee alleges (without citation, affidavit or identifying other evidence supporting the allegation) the business ceased on July 19, 2019.  ECF No. 112, p. 4.  The court's scrutiny of the record reveals the Debtor's Schedule A/B filed at the beginning of the case includes a purported copy of a bill of sale for the business's property and fixtures, effective July 19, 2019.  ECF No. 1, p. 11.  The court cannot rely on an unauthenticated copy of a bill of sale to establish the date the business ceased.  *See,* Fed.R.Evid. 901.

If the business had ceased operating on July 19, 2019, as the Trustee alleges, then only wages earned after January 20, 2019, would be entitled to priority status.  If the later date – the petition date of August 30, 2019 – applies, then only wages earned after March 3, 2019, would be entitled to priority status.

While the Objection is unopposed, the Trustee nevertheless bears the burden to "produce evidence at least equal in probative force to that offered by the proof of claim and which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency."  *In re Hampton Ventures, LLC*, 599 B.R. 474, 488 (Bankr. D. Conn. 2019) (quoting, *In re Driscoll*, 379 B.R. 415, 420 (Bankr. D. Conn. 2008)).  "If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence."  *Hampton Ventures*, 599 B.R. at 488 (quoting, *In re Vanegas*, 290 B.R. 190, 193 (Bankr. D. Conn. 2003)).

POC 21-2 filed by Hugo Soriano will be disallowed. Mr. Soriano's proof of claim was filed without evidentiary support but until an objection was filed, it was considered an allowed claim on a *prima facie* basis. Once the Trustee objected (although without any evidentiary support of her own), it was Mr. Soriano's burden to establish entitlement to the claim, including to establish facts supporting a wage claim earned during the 180 days prior to the petition date. This he did not do. The Trustee's objection to POC 21-2 will be sustained.

Nathan John Guzzo filed a sworn statement as part of POC 28-2 identifying the dates he worked and the wages he is due. He also stated he would like the court to "reassess the accuracy of the 'date of closure' for [the business] . . .", although he did not identify any date. POC 28-2, p. 4. As noted, the court is unpersuaded a single date in the schedules themselves without more, years later and without any additional information, may be relied upon to establish the "the cessation of the debtor's business" on July 19, 2019, for purposes of a determination of priority status under § 507(a)(4). But, even if the earliest date suggested by the record were used – July 19, 2019 – Mr. Guzzo's wages must have been earned after January 20, 2019, to be entitled to priority under § 507(a)(4). The record does not support a conclusion they were, and for that reason the claim is not entitled to priority under § 507(a)(4). POC 28-2, p. 4.

Leaving aside the question of priority, however, Mr. Guzzo's POC 28-2 does itemize dates and amounts for wages he claims he is owed. The Trustee fails to provide evidence of equal weight – perhaps an affidavit from a person with knowledge that the business did not owe Mr. Guzzo wages – disputing the wages were earned.

3

The Objection will therefore be sustained in part, and POC 28-2 will be allowed as an unsecured, non-priority claim.

To the extent the Trustee seeks an order requiring Mr. Guzzo to comply with tax requirements, including to deliver to the Trustee a current IRS Form W-4 (Employee's Withholding Certificate) and a USCIS Form i-9 (Employment Eligibility Verification), the court declines to grant such relief in the absence of evidence the information was requested and not provided, and in light of the absence of such relief from the proposed order served on Mr. Guzzo.

All other arguments have been considered and determined to be without merit. This is a final order subject to rights of appeal. The time within which a party may file an appeal of a final order of the bankruptcy court is fourteen (14) days after it is entered on the docket. Fed.R.Bankr.P. 8002(a)(1).

Accordingly, it is hereby

**ORDERED:** The Trustee's objection is SUSTAINED as to Proof of Claim 21-2, and it is disallowed in its entirety; and it is further

**ORDERED:** The Trustee's objection is SUSTAINED IN PART AND OVERRULED IN PART as to Proof of Claim 28-2, and Mr. Guzzo is allowed a claim in the amount of $9,320.80 as a non-priority, unsecured claim.

Dated this 12th day of January, 2024, at New Haven, Connecticut.

*Ann M. Nevins*
Chief United States Bankruptcy Judge
District of Connecticut